LOLLEY, J.
IgNorAm Drilling Company (“NorAm”) filed suit against E & PCo International, L.L.C. (“E & PCo Inti”), and E & PCo, L.L.C. (“E & PCo LLC”), in solido, for damages resulting from an alleged breach of contract. Holding that Texas law is applicable to the matter, the 37th Judicial District Court, Parish of Caldwell, State of Louisiana, granted summary judgment in favor of E & PCo LLC and dismissed it from the lawsuit. For the reasons set forth below, we affirm.
Facts
NorAm operates drilling rigs and provides contract land drilling services to oil and gas exploration and production companies. On December 7, 2007, NorAm and E & PCo Int’l entered into a drilling bid proposal and day work drilling contract, whereby E & PCo Inti, as operator, engaged NorAm, as an independent contractor, to drill and complete a horizontal coalbed methane well in Caldwell Parish, Louisiana (the “drilling contract”). E & PCo LLC was not a party to and did not sign the drilling contract.
Pursuant to the drilling contract, operations were to commence on December 15, 2007, or on a date mutually agreed upon by the parties. The drilling contract would remain in full force and effect until completion of operations, or for a term of one year from commencement of operations. The drilling contract also contained the following choice-of-law provision: “the [c]ontract is to be construed, governed, interpreted, enforced and litigated, and the relations between the parties determined in accordance with the laws of the State of Texas.”
| .¡Between December 7, 2007, and February 18, 2008, disagreements arose between NorAm and E & PCo Int’l surrounding each party’s obligations under the drilling contract. Alleging that performance had been tendered, NorAm submitted invoices to E & PCo Int’l demanding payment. However, E & PCo Int’l disputed these invoices, and argued, among other issues, that the drilling contract never commenced.
As a result of these disputes and E & PCo Int’l’s refusal to pay, NorAm filed suit against E & PCo Int’l and E & PCo LLC, in solido, seeking a money judgment for breach of the drilling contract. NorAm alleged that E & PCo LLC was obligated for E & PCo Int’l’s debts via the single business enterprise theory under Louisiana law.[1] In particular, NorAm alleged that E & PCo Int’l and E & PCo LLC acted in concert and disregarded corporate formalities to avoid paying under the drilling contract, and as a result, each E & PCo company is liable for the other’s debts. In response, E & PCo LLC filed a motion for summary judgment on the grounds that it was not a party to the drilling contract, and thus is not liable to NorAm. Specifically, E & PCo LLC argued that Texas law applies to the lawsuit, and because Texas law does not recognize *928 single business enterprise liability, E & PCo LLC is entitled to judgment as a matter of law.[2] A hearing was held on E & PCo LLC’s motion on September 12, 2012, which was granted and E & PCo LLC was dismissed 14from the lawsuit. In its reasons for judgment, the trial court explained that Texas law applies to No-rAm’s claim against E & PCo LLC for two alternative reasons. First, the trial court reasoned that because NorAm’s allegations against E & PCo LLC are for contractual debts arising under the drilling contract, NorAm is estopped from arguing that the Texas choice-of-law provision does not apply. Second, it explained that under well-settled choice-of-law principles, Louisiana courts and courts applying Louisiana law apply the law of the place of incorporation to claims seeking to set aside corporate formalities. This appeal by NorAm ensued.
Discussion
On appeal, NorAm brings one assignment of error-the trial court erred as a matter of law in failing to apply Louisiana law. We disagree.
The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 1993-1480 (La.04/11/94), 634 So.2d 1180, 1182. A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
This is a choice-of-law case, and as such, there is one issue on appeal-whether Texas or Louisiana law applies to NorAm’s claim against E & PCo LLC. As discussed above, NorAm, a Texas corporation with its 1 ^principal place of business in Texas, is seeking to hold E & PCo Int’l and E & PCo LLC, two Texas limited liability companies with their principal places of business in Texas, liable, in solido, for breach of a drilling contract that was drafted, negotiated, and signed in Texas, and which also contains a Texas choice-of-law provision. According to NorAm, if Louisiana law were to apply, summary judgment would be precluded due to the likelihood of issues of material fact after application of the 18-prong, fact intensive single business enterprise liability test pronounced in Green v. Champion Ins., 577 So.2d 249 (La.App. 1st Cir.1991), writ denied, 580 So.2d 668 (La.1991). On the other hand, NorAm admits that if Texas law applies, summary judgment would be proper because of the Texas Supreme Court’s express rejection of single business enterprise liability.
Louisiana’s general and residual rule governing conflict-of-law issues is La. C.C. art. 3515, which provides:
Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the rele *929 vant policies of all involved states in light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.
As explained in Comment (a), La. C.C. art. 3515 sets forth the general principles from which the more specific conflict articles derive. Thus, if any other article is found to be applicable to a particular case or issue, that article prevails. Here, because this matter concerns enforcement of a conventional | (¡obligation, i.e., the drilling contract, and because the drilling contract contains a choice-of-law provision, La. C.C. arts. 3540 and 3537 are the more specific articles and are more appropriate to this particular case.
Louisiana C.C. art. 3540 provides that “all other issues of conventional obligations are governed by the law expressly chosen or clearly relied upon by the parties, except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537.” As noted, the contract at issue contains a choice-of-law provision whereby the parties effectively selected the law of Texas to be applied to any disputes arising under the drilling contract. It is well established that where parties to a contract stipulate the specific state law that will govern the contract, the choice-of-law provision must be given effect unless there is statutory or jurisprudential law to the contrary. Mobil Explor. & Prod. U.S., Inc. v. Certain Underwriters Subscribing to Cover Note 95-3317(A), 2001-2219 (La.App. 1st Cir. 11/20/2002), 837 So.2d 11, 42-43.
Here, the law that was expressly chosen and relied upon by the contracting parties is Texas. As a result, and pursuant to the clear dictate of La. C.C. art. 3540, Texas law must govern any claim arising under the drilling contract.
However, we recognize the legal conundrum of applying the contractual terms of the drilling contract to a claim against E & PCo LLC, who is not a party to the contract. Fortunately, La. C.C. art. 3537 allows us to determine which state’s law would apply in the absence of the choice-of-law provision. La. C.C. art. 3537 provides:
17Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multi-state commercial intercourse, and of protecting one party from undue imposition by the other.
In this case, it is clear that the Article 3537 factors also support the application of Texas law. NorAm, E & PCo Int’l, and E & PCo LLC are all formed under the laws of Texas and are domiciled therein. All of their records are maintained in Texas, and their company operations occur there. Al *930 though some of these entities are authorized to do business in Louisiana, none is incorporated, and no party’s principal place of business is in Louisiana. Other than the fact that the object of the contract was to be performed in Louisiana, Louisiana has marginal contacts with each party involved in the dispute. The drilling contract was also drafted, negotiated, and signed in Texas. Additionally, NorAm and E & PCo Int’l each had the justifiable expectation that litigation under the drilling contract, including disputes as to corporate form, would be governed by the laws of Texas.
We also note that this article is intended to be read in conjunction with La. C.C. art. 3515, which calls for this court to determine which state’s policies would be the most seriously impaired if not applied. E & PCo LLC maintains that Texas law would be the most seriously impaired because | ¿Texas has a strong interest in litigation deciding corporate structure of companies formed and existing under Texas law. We agree. This is especially true when a Texas company is attempting to hold two other Texas companies liable under a theory of liability that has been expressly rejected by the Texas Supreme Court.
Even more, the application of Texas law is also consistent with Louisiana jurisprudence. As explained by the trial court, Louisiana courts and courts applying Louisiana law apply the law of the place of incorporation to determine fundamental issues of corporate structure. In support of this contention, E & PCo LLC cites Quickick, Inc. v. Quickick Int’l, 304 So.2d 402, 406 (La.App. 1st Cir.1974), writ denied, 305 So.2d 123 (La.1974), where the court was faced with the decision whether to apply Texas or Louisiana law to a question of setting aside corporate forms based on the alter ego theory of liability. Although the court’s holding in Quickick was decided in the context of an alter ego analysis — not single business enterprise liability — we find this case to be persuasive and on point.
In Quickick, both plaintiff and defendant were incorporated under the laws of Texas. The agreements in dispute were also drafted, negotiated, and signed in Texas. The main office of the defendant was in Texas, and the records of both parties were located in Texas. However, although the Quickick plaintiff had an office in Texas, its main office was in Louisiana. Presented with the facts above, the court held that “[w]e think it is clear that the law of Texas should govern under those circumstances.” Id. at 406.
Almost identical to the facts in Quickick, E & PCo Int’l and E & PCo LLC are both formed under the laws of Texas, domiciled in Texas, and have |9their main offices in Texas. Likewise, NorAm is formed under the laws of Texas. In fact, NorAm’s principal place of business is in Texas, unlike the plaintiff in Quickick. Accordingly, we apply the same reasoning here, and conclude that because NorAm, E & PCo Int’l, and E & PCo LLC are all incorporated in Texas, Texas law applies to NorAm’s claim against E & PCo LLC.
Conclusion
Considering the foregoing, we conclude that the trial court properly granted summary judgment in favor of E & PCo, L.L.C., holding that Texas law applies to this lawsuit. All costs of this appeal are assessed to NorAm Drilling Company.
AFFIRMED.

. The single business enterprise doctrine is an equitable doctrine used to break down corporate walls between affiliated corporations. Where a corporation has engaged in questionable business practices, the doctrine serves to preclude the concept of corporate separateness to extend liability to affiliated corporations to achieve equity.

. In SSP Partners v. Gladstrong Invest., 275 S.W.3d 444, 447 (Tex.2008), the Texas Supreme Court expressly rejected the doctrine of single business enterprise liability and held that "corporations cannot be held liable for each other’s obligations merely because they are part of a single business enterprise."